BONIN, J.,
dissents with reasons.
|J respectfully dissent.
On August 31, 2010, in connection with the district judge’s oral ruling denying Mr. Hill’s motion to correct illegal sentence, the district judge also filed into the record his written reasons (which are undated). The district judge state that Mr. Hill “was originally sentenced to serve ten years in the Department of Corrections.” He also found that “[o]n March 8, 2002, the minute entry reflects that the trial court amended defendant’s sentence to impose an additional five years.” The district judge cor *402 rectly concluded that the original sentence of ten years imposed by his predecessor judge was “illegally lenient.”
The issue, then, is whether the predecessor judge could correct an illegal sentence by merely amending the minute entries to show that the mandatory minimum sentence of fifteen years (with five years to be served without benefit of parole, probation or suspension of sentence) has been imposed.[1] Because the ten-year sentence in this case is illegal, it may be corrected at any time. See La. C.Cr.P. art. 882. The presence of the defendant, however, is required at the rejsentencing.2 “In felony cases the defendant shall always be present when sentence is pronounced.” La. C.Cr.P. art. 835(emphasis added).
Here, the predecessor district judge attempted to correct the illegal sentence in the absence of the defendant, Mr. Hill. The remedy is to pronounce the legal sentence in Mr. Hill’s presence. “If a sentence is improperly pronounced in the defendant’s absence, he shall be resentenced when his presence is secured.” La. C.Cr.P. art. 835. Because a legal sentence has never been pronounced in Mr. Hill’s presence, I would grant Mr. Hill’s converted writ application and remand for resen-tencing to a legal sentence in his presence.[2]

. Notably, the district judge did not find that the original minute entry was merely a clerical error. Mr. Hill had identified the discrepancy in the minute entry almost ten years ago and has been thwarted in his efforts to obtain a transcript of his guilty plea and sentencing (Long before the court-reporter’s notes were lost in Katrina) despite his claims that there existed an agreement for a sentence not to exceed ten years.

. The issue of whether the legal sentence of fifteen years exceeds the plea agreement such that Mr. Hill would be entitled to the setting aside of his guilty plea is not properly before us at this time.